# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN CRUZ SANTOS,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, et al.,<br><br>Respondents. | CASE NO. 5:26-cv-02307-SK<br><br>**ORDER DISMISSING IN PART AND DENYING IN PART HABEAS PETITION** |

## I.

## BACKGROUND

Petitioner Cristian Cruz Santos is a native and citizen of Mexico detained at the Adelanto ICE Processing Center.  (ECF 10-1 ¶ 4).   In a partially verified petition, he claims that he entered the United States in 2018 as an unaccompanied minor, was arrested by immigration authorities in 2019, and was released on his own recognizance.[1]  (Pet. ¶¶ 3–4; ECF 1-1

---

[1]  Like a number of similar petitions filed in recent months, this one reads as a template with generic legal recitals applied interchangeably to different petitioners.  Petitioner is referred to as "his" in one paragraph and "her" in the next.  (*Compare* Pet. ¶ 56 ("his liberty") *with* ¶ 52 ("after her release")).  The petition references an "Exhibit A" (EOIR Automated Case Information) that is not attached.  (*Id*. ¶ 6).  And the arrest date shifts between "April 10" (*Id*. ¶ 14) and "April 20" (*Id*. ¶¶ 5, 42, 62).  More concerning for a supposedly verified petition, the unrefuted I-213—an official record of petitioner's immigration encounters—records the immigration history as "NEGATIVE" and reflects a Notice to Appear served for the first time on April 22, 2026.  (ECF 10-4 at 1–2; ECF

¶ 6). According to the petition, on or about April 20, 2026, ICE "unexpectedly" arrested petitioner as part of a "sweeping, and unlawful policy targeting people for arrest at immigration courthouses and ICE check-in appointments." (Pet. ¶ 7). The petition asserts that he "presents no flight or community safety risk," has "meticulously adhered to all immigration law requirements since his arrival," and that "[n]o material change in circumstances justified [his] re-arrest." (Pet. ¶¶ 6, 61–62). Petitioner contends that he is simply one of many "people released from civil immigration detention at the border with no criminal record." (Pet. ¶ 27). Based on those assertions, petitioner seeks release or, at minimum, a bond hearing. (Pet. at 3, 17).

The government's answer tells a different story. According to the unrebutted declaration of a deportation officer and an official California criminal history record, petitioner has accumulated four misdemeanor convictions between December 2023 and June 2025—including a DUI causing bodily injury—and has been arrested at least 14 times since 2022. (ECF 10-1 ¶¶ 6–11; ECF 10-2).[2] And contrary to the petition's

---

10-5). Whether petitioner was in fact arrested and released on recognizance in 2019—as the petition alleges—is thus uncertain on the present record. But because the disposition here does not turn on that fact, the court need not press the issue.

[2] Respondents' presentation of petitioner's criminal record, while substantially corroborated, is not entirely accurate either. The Ruiz Declaration describes dismissed charges as convictions in at least two instances and cites an incorrect statute number for one conviction. (*Compare* ECF 10-1 ¶¶ 6–7 *with* ECF 10-2 at 4–6). The court relies on the rap sheet, not the Declaration, for the number and nature of convictions.

characterization of his April 2026 arrest as a courthouse sweep, the Form I-213 says that ICE arrested petitioner at the Ventura County jail—not a courthouse—upon his release from state custody on pending charges of battery on a spouse, witness intimidation, and child abuse. (ECF 10-4 at 2–3). Petitioner was then served with a notice to appear, charging inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, and placed in removal proceedings. (ECF 10-5). Accordingly, his master calendar hearing for his removal proceedings was set for June 9, 2026. (ECF 10-3).

Petitioner filed no reply to respondents' answer. So he has neither contested the criminal history (or explained any material omissions), nor has he disputed the government's factual account of his immigration arrest from state criminal custody.

## II.

### DISCUSSION

In federal habeas proceedings, the petitioner bears the burden of proving that he is held contrary to federal law. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). And federal courts decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *see also Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat."). On this record and based on the parties' arguments, the

petition must be denied in substantial part and otherwise dismissed for lack of administrative exhaustion.

Petitioner's substantive due process claim (first claim) rests entirely on the assertion that his detention serves no legitimate non-punitive purpose because he is not dangerous and poses no flight risk.  (Pet. ¶¶ 46–50).  The unrebutted criminal history establishes otherwise.  Petitioner has a DUI conviction with bodily injury resulting in 36 months' probation and 90 days in jail—a conviction the petition never mentioned.  (ECF 10-2 at 4).  He has pending charges for battery on a spouse, intimidation of a witness, and child abuse—charges the petition never mentioned.  (ECF 10-4 at 4).  And the escalating pattern of criminal contact since 2022 contradicts every sentence in the petition that describes petitioner as posing no risk.  (*Id.*).  On the unrebutted record, then, petitioner's detention during removal proceedings bears a "reasonable relation" to the government's legitimate interest in "protecting the community." *Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001); *see Demore v. Kim*, 538 U.S. 510, 523, 531 (2003).

Petitioner's Fourth Amendment claim (third claim) alleges unconstitutional re-arrest on the same probable cause without new intervening cause.  (Pet. ¶¶ 57–63).  But the unrebutted I-213 shows that ICE arrested petitioner upon his release from state custody on new criminal charges—for domestic violence, witness intimidation, and child abuse—filed two days earlier.  (ECF 10-4 at 2, 4).  In any event, so long as petitioner "is currently in removal proceedings and is detained pursuant to

those ongoing proceedings," he "is not entitled to release based on his allegedly unlawful arrest." *Reyes v. Hermosilla*, 2026 WL 528692, at *3 (W.D. Wash. Jan. 15, 2026) (collecting cases).

Petitioner's APA claim (fourth claim) challenges the government's alleged policy of targeting people at courthouses and check-in appointments for arrest. (Pet. ¶¶ 64–69). Even if this claim were cognizable here on its own terms, petitioner was not arrested at a courthouse or a check-in appointment. He was arrested at the Ventura County jail upon release from state criminal custody. (ECF 10-4 at 2–3). The petition's own factual predicate for the putative policy challenge is refuted by the record.

That leaves petitioner's procedural due process claim (second claim)—the assertion that he was re-detained without a hearing before a neutral decisionmaker. (Pet. ¶¶ 51–56). But respondents argue—and petitioner does not dispute in a reply—that he has an available administrative remedy he has not used: a bond hearing before an immigration judge. (ECF 10 at 5–7). Petitioner can request bond at his scheduled master calendar hearing. *See* 8 C.F.R. § 236.1(d)(1). Although exhaustion is not jurisdictional for § 2241 habeas petitions, *see Hernandez v. Sessions,* 872 F.3d 976, 988-89 (9th Cir. 2017), prudential exhaustion still counsels in favor of allowing the immigration courts—and the Board of Immigration Appeals afterward—to act in the first instance. *See Leonardo*

*v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Petitioner asserts in a single paragraph that further exhaustion would be futile and "unreasonable." (Pet. ¶ 19). But "a bare assertion does not preserve a claim." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). And once respondents developed the exhaustion argument in their answer, petitioner had every reason—and ample opportunity—to reply and explain why the immigration court process would be inadequate on the facts here.[3] "[P]oints not argued will not be considered." *Margolin v. Nat. Assn. of Immigration Judges*, 608 U.S. ----, *2 (2026) (*per curiam*) (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring in judgment)).

Besides, every immigration detainee would no doubt prefer the (seemingly) faster route of a federal habeas petition to the slower route of an immigration court bond request followed by a possible BIA appeal. But if that preference alone (or the intrinsic delay of any appellate process)

---

[3] Of course, the availability of administrative remedies does not necessarily render them always adequate. *See McCarthy v. Madigan*, 503 U.S. 140, 146-149 (1992). For instance, if the immigration judge declines bond jurisdiction under *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), futility of appeal to the BIA would excuse exhaustion. But the recognized exceptions—futility, inadequacy, irreparable injury, void proceedings—are narrow, and petitioner hasn't carried his burden of showing that any applies. *See Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004); *see also Leonardo,* 646 F.3d at 1161 (9th Cir. 2011) (remanding for dismissal of § 2241 petition for failure to exhaust where petitioner failed to "demonstrat[e] grounds for excusing the exhaustion requirement").

excused exhaustion, then prudential exhaustion would be excused in virtually every case—and the default rule would be a dead letter. *See, e.g., Yu v. Noem*, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026) ("[E]xcusing exhaustion on that basis would cause the exception to swallow the rule."). It would also preclude the development of a complete administrative record needed for a federal habeas court to assess—and exercise—its otherwise limited jurisdiction over immigration detention decisions under 8 U.S.C. § 1226(e). *See McCarthy*, 503 U.S. at 145 ("Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise.").

## III.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED as to the first, third, and fourth claims, and DISMISSED without prejudice as to the second claim for lack of administrative exhaustion. Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED: June 5, 2026

_____
HON. STEVE KIM
United States Magistrate Judge

7